IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-03632-KLM

TANYA HALLUM, individually and as the personal representative of the Estate of Charlie Hallum, and
JESSE HALLUM, individually,

    Plaintiffs,

v.

FOUR CORNERS OB-GYN, a professional LLP, and
MARECA PALLISTER, Dr., individually,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiffs' **Motion to Extend Discovery Deadline for Limited Purpose of Conducting Expert Depositions** [#305][1] (the "Motion").[2] Defendants filed a Response [#306] in opposition to the Motion [#305], and Plaintiffs filed a Reply [#307]. The Court has reviewed the Motion, the Response, the Reply, the entire case file, and the applicable law, and is fully advised in the premises. For the reasons set forth below, the Motion [#305] is **GRANTED**.

## I. Background

---

[1] "[#305]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). The Court uses this convention throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C.COLO.LCivR 72.2, on consent of the parties. *See* [#226, #227].

This lawsuit was filed in the District of New Mexico on January 5, 2017. *See Compl.* [#1]. The action, which primarily concerns alleged medical malpractice, was transferred to the undersigned in the District of Colorado on December 20, 2019. In the present Motion [#305], Plaintiffs seek an extension of the discovery deadline for the limited purpose of deposing two of Defendants' expert witnesses, Daniel Jacobson, M.D. ("Jacobson") and Timothy J. Hurley, M.D., FACOG ("Hurley").

Defendants disclosed Dr. Jacobson on June 1, 2020, and Dr. Hurley on June 30, 2020. *Response* [#306] at 2. In November 2020, the parties began discussions about scheduling the depositions of these two expert witnesses. *See* [#306-1] at 9. Specifically, on November 23, 2020, Defendants' counsel wrote to Plaintiffs' counsel, in relevant part: "[O]ur experts are available for their depositions as you requested in the second half of January as follows. Each is holding 6 hours and will charge for 6 hours. Dr. Jacobson: January 21. . . . Dr. Hurley: January 28." [#306-1] at 9. Plaintiffs' counsel responded on December 9, 2020, stating: "Please provide additional dates for the depositions of Drs. Hurley and Jacobson in the months of December 2020 – January 31, 2021." *Id.* at 8. Defendants' counsel replied on December 14, 2020, in relevant part: "Please let me know about Hurley and Jacobson before those times go away." *Id.* at 7-8. On December 18, 2020, Plaintiffs' counsel wrote: "Unfortunately the dates previously provided for Dr. Hurley and Dr. Jacobson do not work. Could you please provide additional dates in the month of February?" *Id.* at 7. On December 22, 2020, Defendants' counsel responded: "Dr. Jacobson is available on 2/19. Dr. Hurley is available on 2/11 or 2/12. Nobody has asked the court to extend expert discovery into February, however." *Id.* at 6.

On January 7, 2021, Plaintiffs' counsel wrote to Defendants' counsel: "I sent over an email yesterday about the discovery deadline – and will be looking for your response hopefully today." *Id.* at 5. The same day, Defendants' counsel responded: ". . . I'm having a hard time understanding why I should agree to extend all discovery for 4 months now when I didn't agree to extending all discovery last time you asked and we've already gone through the briefing on the topic. A new trial date doesn't change my analysis as to the reasons I didn't agree last time. Hypothetically, are you willing to agree to extend any other deadlines?" *Id.* at 5. Again the same day, Plaintiffs' counsel replied: "Hypothetically, yes, if we extend discovery 4 months, we would agree to push the other deadlines so they're in-line with the new trial date." *Id.* at 4-5. Ultimately, on January 15, 2021, the Court extended the discovery deadline to April 30, 2021, for the sole purpose of completing depositions based on Defendants' unopposed request. *Minute Order* [#304].

Defendants assert that, "[b]etween January 12, 2021 and April 9, 2021, Plaintiffs' counsel did not say a word about the depositions of Defendants' experts." *Response* [#306] at 4. On April 9, 2021, Plaintiffs' counsel emailed Defendants' counsel and stated, in relevant part: "[O]ur deadline to complete depositions runs on April 30. Please provide us with dates for your remaining expert witnesses." [#305-1] at 5-6. Four days later, on April 13, 2021, Defendants' counsel responded, in relevant part: "Unfortunately you waited much too long to ask for the depositions of our experts. I wish you would have asked back in January or February when the last deadline was extended. Neither Dr. Jacobson nor Dr. Hurley have any time before April 30. My time is also very limited between now and then." *Id.* at 5. Later that day, Plaintiffs' counsel replied, in relevant part: "We will just set Dr. Jacobson and Dr. Hurley if you will not provide dates before the

end of discovery." *Id.* at 4.  Counsel continued to correspond over some issues unrelated to the present Motion [#305], and the next mention of the depositions of these experts occurred on April 20, 2021, when Plaintiffs' counsel wrote: "Regarding Dr. Jacobson and Dr. Hurley – please let us know when they are available to sit for their depositions.  We will ask the Court to extend our deadline to take these two depos." *Id.* at 2.  On April 23, 2021, Plaintiffs' counsel again wrote to Defendants' counsel, stating: "Following up on my request below for deposition dates."  *Id.* at 1.  The next day, Defendants' counsel responded: "Dr. Hurley: June 4.  Dr. Jacobson: June 11 or 24.  I will object to your request for additional time, BTW."  *Id.*  Plaintiffs filed the present Motion [#305] on April 27, 2021, before the discovery deadline expired on April 30, 2021.

## II.  Legal Standards

Pursuant to Fed. R. Civ. P. 30(b)(1), "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party."  D.C.COLO.LCivR 30.1 governs noticing depositions and specifically defines "reasonable" written notice: "Unless otherwise ordered by the court, reasonable notice for taking a deposition shall be not less than 14 days, as computed under Fed. R. Civ. P. 6.  Before sending a notice to take a deposition, counsel or the unrepresented party seeking the deposition shall make a good faith effort to schedule it in a convenient and cost effective manner."  Thus, a party noticing a deposition for oral testimony must provide notice of the deposition at least fourteen days prior to the noticed deposition date.  Further, prior to sending the notice, that party must attempt to confer to find a date that is convenient.

A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  *Washington v. Arapahoe Cnty. Dep't of*

4

*Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000). Scheduling order deadlines "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The decision to modify a scheduling order "is committed to the sound discretion of the trial court." *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also Benton v. Avedon Eng'g, Inc.*, No. 10-cv-01899-RBJ-KLM, 2013 WL 1751886, at *1 (D. Colo. Apr. 23, 2013). When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169 (citations omitted).

While "the [Scheduling Order] defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). However, the Court notes that a scheduling order plays an important role in the management of a case and should not be unnecessarily amended. *Cf. Washington*, 197 F.R.D. at 441 (noting that a "scheduling order is an important tool necessary for the orderly preparation of a case for trial"); *Rent–a–Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 101 (S.D.N.Y. 2003) (stating that "scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed").

### III. Analysis

**A.    Imminence of Trial**

The first factor addresses whether trial is imminent. *Smith*, 834 F.2d at 169. Here, trial is set to begin on November 29, 2021, approximately seven months after the Motion [#305] was filed and approximately five months from now. *See* [#302]. Permitting two additional expert witness depositions would not jeopardize this trial date. Thus, while trial is close, the Court cannot find that trial is imminent. The Court therefore finds that the first factor weighs in favor of allowing amendment of the Scheduling Order.

**B.    Opposition to Request**

The second factor addresses whether the moving party's request is opposed. *Smith*, 834 F.2d at 169. Here, Defendants oppose the amendment. *See generally Response* [#306]. The Court therefore finds that the second factor weighs against allowing amendment of the Scheduling Order.

**C.    Prejudice**

The third factor addresses whether the non-moving party would be prejudiced. *Smith*, 834 F.2d at 169. Here, Defendants generally complain of Plaintiffs' conduct during this litigation but point to only one item which could potentially be deemed prejudicial should the amendment be permitted. *Response* [#306] at 6-7. Defendants note that the dispositive motions deadline has now passed, and that "Plaintiffs would have the benefit of Defendants' dispositive motion content while eliciting expert testimony in this case." *Id.* at 7. Defendants state that this would be prejudicial because it would "allow[ ] Plaintiff an unfair advantage going into the depositions after the dispositive motion deadline has passed." *Id.*

While Defendants' argument *might* have some merit under certain circumstances, the Court finds that Defendants have not shown more than the mere possibility of some

nebulous prejudice here.  Defendants have identified no specific issues in dispositive motions which would be impacted by the depositions of these two expert witnesses.  Defendants have also identified no legal authority, and the Court has found none, which connects the timing of expert witness depositions with prejudice under circumstances similar to those here.  In other words, it is unclear what specific "unfair advantage" Plaintiffs would be gaining by taking expert witness depositions after the dispositive motions deadline.  The Court therefore finds that the third factor weighs in favor of allowing amendment of the Scheduling Order.

**D.     Diligence**

The fourth factor addresses whether the moving party was diligent in obtaining discovery within the guidelines established by the Court.  *Smith*, 834 F.2d at 169.  Here, the moving party must "show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay."  *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006).  "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. . . .  Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."  *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000) (internal quotation and citation omitted).

Plaintiffs argue that they have been diligent and that the latest delay occurred because Plaintiffs were:

> conferr[ing] in good faith with Defendants to arrange a mediation session. On March 2, 2021, Plaintiffs' counsel told Defendants in an email that Plaintiffs were interested in having a mediation prior to taking expert witness depositions to avoid incurring additional costs for their clients.  After a

7

mediation was set, Plaintiffs requested the availability of the remaining two experts. Plaintiffs were willing to work with the experts' availability. Defendants stated that their experts had zero availability in the three weeks before the April 30 deadline, and Plaintiffs have filed this motion for extension to accommodate the Defendants' experts.

*Reply* [#307] at 3.[3] Plaintiffs state that, "[a]s soon as [it] became clear" that "the depositions must take place prior to mediation, Plaintiffs repeated their request for deposition dates for Defendants' experts." *Motion* [#305] at 3-4. Defendants do not directly respond to this argument, although they respond to a similar argument in connection with the foreseeability factor, essentially saying that they never agreed to hold off on depositions until after mediation occurred. *Response* [#306] at 7-8.

This situation presents a close call. It is clear that Plaintiffs could have been more diligent in their efforts to get depositions scheduled for these two expert witnesses. However, they have offered explanations for some of this delay, even if those explanations do not entirely excuse the full extent of these delays, such as Plaintiffs' attempt to schedule mediation before spending more time and money on depositions. In addition, while Fed. R. Civ. P. 30 only requires that a party give "reasonable written notice," Local Rule 30.1 makes clear that "reasonable notice" requires that notice be given at least fourteen days prior to the deposition. Plaintiffs' latest attempt to confer with Defendants' counsel occurred on April 9, a mere twenty-one days before the discovery cut-off. This, of course, could be enough time in which to set depositions, if those depositions were immediately set to occur during the last week of the discovery period. Nevertheless, it is equally clear from the parties' email correspondence that Defendants'

---

[3] Mediation is currently set for September 1, 2021. *Motion* [#305] at 2.

witnesses' limited availability not only in late April 2021 but also in and around January 2021 contributed to the delay in these depositions.

All things considered, the Court finds that Plaintiffs could have been more diligent in attempting to meet their obligations here, but, under these circumstances, the Court finds that the fourth factor weighs only slightly against allowing amendment of the Scheduling Order.

**E.     Foreseeability**

The fifth factor addresses the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court. *Smith*, 834 F.2d at 169. This is not a situation where last-minute or unexpected discovery caused Plaintiffs to file the present Motion [#305]. Deposing the opposing side's expert witnesses is routine in this type of litigation, and there is no indication of any surprise on the part of Plaintiffs that they would need to take the depositions of these two particular expert witnesses. Indeed, they started seeking depositions dates for the witnesses in November 2020, and the present Motion [#305] was filed in April 2021. In short, Plaintiffs point to no information to show that they did not know that they would need to depose Defendants' expert witnesses during the discovery period. Thus, the Court finds that the need for additional discovery was foreseeable. Therefore, the Court finds that the fifth factor weighs against allowing amendment of the Scheduling Order.

**F.     Relevant Information**

The sixth factor addresses the likelihood that the discovery will lead to relevant evidence. *Smith*, 834 F.2d at 169. Pursuant to Fed. R. Civ. P. 26(b)(1), any discovery sought must be relevant. Relevancy is broadly construed, and a request for discovery

should be considered if there is "any possibility" that the information sought may be relevant to the claim or defense of any party. *See, e.g.*, *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004) (citations omitted); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). Further, the objecting party cannot "sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Id.* (citation omitted). However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *See Paradigm Alliance, Inc. v. Celeritas Tech., LLC*, No. 07-1121-MLB, 2008 WL 678700, at *2 (D. Kan. Mar. 7, 2008).

Here, Defendants essentially concede that "expert discovery is an important aspect of a medical negligence case," but they argue that the importance of this discovery is not outweighed by issues of prejudice, diligence, and foreseeability, all of which, of course, the Court has separately examined above. *Response* [#306] at 9. Plaintiffs state broadly that "the two remaining expert witness depositions will unquestionably lead to

evidence relevant to Plaintiffs' claims." *Reply* [#307] at 4. Although lacking in detail, it is logical to conclude that the depositions of expert witnesses designated by the opposing party concern information relevant to this case. Therefore, the Court finds that the sixth factor weighs in favor of allowing amendment of the Scheduling Order.

Weighing the relevant factors, the Court finds that this is a close call. The first factor (imminence of trial), third factor (lack of prejudice), and sixth factor (relevancy of information) favor amendment of the Scheduling Order. The second factor (opposition of opposing party), fourth factor (diligence), and fifth factor (foreseeability) weigh against permitting amendment. However, because the Court found that the fourth factor weighs only slightly against permitting amendment, the Court ultimately concludes that it is appropriate to allow amendment of the Scheduling Order to extend the discovery cut-off for the limited purpose of allowing Plaintiffs to depose Dr. Jacobson and Dr. Hurley.

The final issue concerns how long of an extension should be granted. Because of the time that has elapsed while this issue has been briefed and adjudicated, the Court is sua sponte providing the parties with additional time in which to schedule the deposition beyond the June date originally requested by Plaintiffs. Mediation is scheduled for September 1, 2021, and originally, at least, Plaintiffs had hoped to complete mediation before engaging in further depositions. Trial in this matter is not set to begin until November 29, 2021. *See* [#302]. In an effort to allow the parties to focus on mediation, the Court will extend the deadline to take these two depositions to September 22, 2021. The parties should confer and decide whether they want to take those depositions before mediation or, if necessary, after. **No extension of this deadline will be granted absent exceptional circumstances.**

### IV. Conclusion

For the reasons set forth above,

IT IS HEREBY **ORDERED** that the Motion [#305] is **GRANTED**. The discovery deadline is extended to **September 22, 2021**, for the sole purpose of completing the depositions of Dr. Jacobson and Dr. Hurley.

Dated: July 9, 2021

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge